UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES MORGAN,

    Plaintiff,

v.

42 U.S.C. § 654(3) OHIO
DEPARTMENT OF JOBS AND
FAMILY SERVICES, *et al.*,

    Defendants.

Case No. 2:17-cv-636
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth Preston Deavers

## **OPINION AND ORDER**

Defendants Muskingum County Child Support Enforcement Agency and Athens County Child Support Enforcement Agency ("Defendants") move this Court to dismiss the amended complaint (ECF No. 39). Pursuant to this Court's Order (ECF No. 41), Plaintiff was permitted until January 24, 2018, to file a Motion for Leave to file out of time a response to Defendants' Motion to Dismiss the Amended Complaint (ECF No. 39). Plaintiff was ordered to demonstrate good cause for his untimeliness, or risk dismissal of his case. Plaintiff has failed to respond to the Court's Order.

### I.

On November 16, 2017, Plaintiff, a resident of Franklin County, filed an Amended Complaint (ECF No. 32), alleging various claims against Muskingum County Child Support Enforcement Agency and Athens County Child Support Enforcement Agency which appear to arise from the garnishment of his wages for the payment of his child support obligations. Plaintiff's various claims include allegations of violations of his right to privacy, fraud, separation of

powers, and denial of equal protection, all arising from his issue with these agencies concerning enforcement of his child support obligations. The proposed federal claims are made using conclusory assertions, are sometimes incoherent, have little to no factual support and also ultimately stem from this domestic issue. (Am. Compl., ECF No. 36.) Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### A. Standard of Review

To survive a Rule 12(b)(6) challenge, a complaint "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level' and 'state a claim for relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F. 3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007)). A claim is plausible where the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making this determination, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Brickerstaff v. Lucarelli*, 830 F. 3d 388, 396 (6th Cir. 2016) (quoting *Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007)). A court need not accept as true any conclusory legal allegations that lack specific facts necessary to establish a claim. *Id.*

As an additional note applicable to this case, a *pro se* litigant's pleadings are to be construed liberally and have been held to less stringent standards that formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even so, *pro se* plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court in *Haines v.*

*Kerner*] nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits.").

## II.

Defendants assert that "Plaintiff has asserted state law claims over which this Court lacks subject matter jurisdiction. Additionally, the *pro se* amended complaint also fails to state any plausible factual allegation that would allow this Court to draw the inference that the Defendants are liable for any misconduct." (*Mot. Dismiss*, ECF No. 39, at p. 4.) As an initial matter, the Court is persuaded by Defendants' assertion that Plaintiff has failed to assert his claims against the proper parties. Defendants assert that under Ohio law, Defendants are not political subdivisions capable of being sued or providing the remedies that the Plaintiff is seeking. (*Mot. Dismiss*, ECF No. 39, at p. 5.) Specifically, Ohio courts hold that child support enforcement agencies are not separate political subdivisions under Ohio Rev. Code § 2744.01(F). *Field v. Summit Cty. Child Support Enforcement Agency*, 2016-Ohio-7026, 72 N.E.3d 165, ¶ 9 (Ohio Ct. App. 2016). Rather, they are arms of the county in which they sit. In *Field,* the Court held that the Summit County Child Support Enforcement Agency is a "part of Summit County," and "only the county can be sued * * *." *Id.* (quoting *Smith v. McCarty*, 1993 Ohio App. LEXIS 55, 1993 WL 6280, *3 (Ohio Ct. App. 1993)).

Furthermore, in general, Ohio juvenile courts retain jurisdiction over matters involving child custody and support. *Burress v. Hamilton Cty. Office of Child Support & Enforcement*, No. 1:14-cv-391, 2014 U.S. Dist. LEXIS 76089 (S.D. Ohio June 4, 2014); *see also Strohm v. State*, No. 2:04-cv-910, 2005 U.S. Dist. LEXIS 44660 (S.D. Ohio Jan. 19, 2005). "More than a century ago, the United States Supreme Court proclaimed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States.'" *Burress* at *7-8 (citing *In re Burrus*, 136 U.S. 586, (1890)). Thus, under *In re Burrus*, federal courts lack jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions

3

that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 Fed. App'x 615, 616 (6th Cir. 2002). Plaintiff's amended complaint, construed in the light most favorable to the Plaintiff, alleges claims stemming from his domestic relations issues, and fails to state a claim upon which relief may be granted. Defendants' motion is well taken, and their Motion to Dismiss the Amended Complaint (ECF No. 39) is **GRANTED**.

### III.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss the Amended Complaint (ECF No. 39). This action is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

2-27-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

4